**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD PHOENIX BARKER,                )  | |
|                                                                 )   | |
|       **Plaintiff,**                        )   | |
|                                                                 )   | |
| vs.                                                         )   Case No. 12-CV-591-GKF-FHM |
|                                                                 )   | |
| DELAWARE COUNTY DETENTION )   | |
| CENTER; LONNIE L/N/U,              )   | |
|                                                                 )   | |
|       **Defendants.**                    )   | |

**OPINION AND ORDER**

On October 22, 2012, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 complaint (Dkt. # 1). By Order filed October 25, 2012 (Dkt. # 3), Plaintiff was directed to either pay the $350 filing fee or file a motion to proceed in forma pauperis. On November 6, 2012, Plaintiff filed a motion to proceed in forma pauperis (Dkt. # 5). As discussed below, Plaintiff shall be granted leave to proceed in forma pauperis, but he remains obligated to pay the full $350 filing fee in monthly installments. In addition, Plaintiff shall be required to file an amended complaint to cure deficiencies and to show cause why this action should not be dismissed without prejudice.

As a preliminary matter, the Court notes that Plaintiff requests that his mail be sent to "Cherly Anderson" because he does not know how long he will remain in custody at the Washington County Detention Center. See Dkt. # 4. Despite Plaintiff's request, the Court will continue to send mail directly to Plaintiff where he is presently in custody. Should Plaintiff be released from custody or transferred to another facility, he will be obligated to keep the Court apprised of his current address by sending a notice of change of address.

**A. Motion to proceed in forma pauperis shall be granted**

Upon review of the motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee and his motion to proceed in forma pauperis shall be granted. Nonetheless, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee in monthly installments as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$2.56** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period of time immediately preceding the filing of the complaint. See 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see

also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C. Complaint fails to state a claim and is subject to being dismissed**

Plaintiff claims that he was taken into custody in Delaware County, Oklahoma, in "the later part of August 2009." See Dkt. # 1. He was required to surrender his property, including his street clothes and his rings, to the jailer who placed the property in a plastic tub. In "late October," after he was sentenced to three (3) years imprisonment in the Oklahoma Department of Corrections (DOC), he signed a form authorizing the release of his property to his wife. When his wife went to the jail to retrieve Plaintiff's property, the jailer could not find it. Lonnie, the jail administrator, told Plaintiff they were still looking for his property. In December 2009, as he was being transferred to DOC custody, Plaintiff told Lonnie that he was not going to forget about his property. Lonnie told Plaintiff that he would be compensated for his missing property. However, to date, Plaintiff has neither received his missing property nor been compensated for it.

In his complaint (Dkt. # 1), Plaintiff names two (2) defendants: Delaware County Detention Center and Lonnie, Jail Administrator. He identifies two claims: (1) a violation of his rights under the 5th Amendment based on the taking of his private property for public use, without payment of just compensation; and (2) legal fraud comprised of "all acts, omissions and concealments involving breach of equitable or legal duty, or trust, and resulting in damage to another." Id. In his request for

relief, Plaintiff asks for "ten thousand dollars for property lost, filing fee, mental anguish, pain and suffering, loss [sic] time and wages." See id.

### a. complaint fails to state a claim under the Fifth Amendment

Plaintiff grounds his first cause of action for loss of his personal property on the Fifth Amendment. The Fifth Amendment Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. That clause is applicable to the States through the Fourteenth Amendment. Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005). "A party challenging governmental action as an unconstitutional taking bears a substantial burden." Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 718 (10th Cir. 2004) (quotation omitted). In his complaint, Plaintiff's Fifth Amendment claim is conclusory. Plaintiff fails to allege facts supporting his claim. He completely fails to identify the public use allegedly benefitted by the taking of his private property. Therefore, Plaintiff's claim is subject to being dismissed for failure to state a claim.

### b. any due process claim fails under the Parratt/Hudson Doctrine

In addition, even if Plaintiff grounded his first claim on a violation of due process, his claim fails. There is no question that deprivation of property without due process of law gives rise to a claim for damages under §1983. Gillihan v. Shillinger, 872 F. 2d 935, 939 (10th Cir. 1989). However, there is no Fourteenth Amendment "due process violation [ ] when a state employee negligently deprives an individual of property, so long as the state provides an adequate post-deprivation remedy." Wolfenbarger v. Williams, 774 F.2d 358, 363 (10th Cir. 1985). Further, a negligent act alone cannot form the basis of a Fourteenth Amendment property-deprivation claim. See Daniels v. Williams, 474 U.S. 327, 330–331 (1986). It is also true that there is no due process


violation where the loss of property results from the intentional, but random and unauthorized act of a state employee, where an adequate post-deprivation remedy exists. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding an unauthorized intentional deprivation of property by a state employee does not constitute a violation of procedural requirements of due process clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available); Parratt v. Taylor, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, Daniel v. Williams, 474 U.S. 327 (1986). "Th[e] distinction between random, unauthorized conduct and conduct pursuant to established state procedure is significant." Wolfenbarger, 774 F.2d at 364.

In this case, it appears that Plaintiff alleges negligent behavior on behalf of Defendants, and thus his claims fall short of a due process claim. But even if Plaintiff could plead that the loss of his property was the result of intentional behavior, Plaintiff has failed to claim that an established state procedure, or anything other than a singular, unauthorized act, was responsible for the missing property. Furthermore, Plaintiff had a post-deprivation remedy in the form of a replevin action based on contract in the Oklahoma state courts. See Gibson v. Copeland, 13 P.3d 989, 991–92 (Okla. Ct. App. 2000); see also Okla. Stat. tit. 12, § 1751(A)(2) (2012). Plaintiff does not allege that such remedy was unavailable or deficient. Therefore, any claim under the due process clause fails and the complaint is subject to dismissal for failure to state a constitutional claim. The dismissal would be without prejudice to the possibility that Plaintiff may be able to assert some claim in a state court of competent jurisdiction. However, this Court declines to exercise pendent jurisdiction over any state claims Plaintiff may have. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).

### c. statute of limitations

Even if the complaint stated a due process or other constitutional deprivation, the complaint appears to be time barred. No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988)); see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

It appears from the face of the complaint that any constitutional claim based on Plaintiff's missing property is barred by the two-year statute of limitations. As indicated above, Plaintiff filed his complaint on October 22, 2012. Therefore, any claim arising prior to October 22, 2010, may be time-barred. Plaintiff states that he knew his property was missing in October 2009, or almost three (3) years before he filed his civil rights complaint. Thus, Plaintiff's claims appear to be time-barred.

### d. improperly named defendants

Plaintiff is advised that "Delaware County Detention Center" is not a proper defendant. While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), vacated on other grounds, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 826 (D. N.J. 1993). For that reason, Defendant Delaware County Detention Center is subject to being dismissed from this action.

In addition, Plaintiff has sued "Lonnie," identified by Plaintiff as the jail administrator. See Dkt. # 1. It is not clear whether "Lonnie" is the defendant's first or last name. However, should this action be allowed to proceed, Plaintiff will be obligated to provide a full and accurate name for any named defendant.

### e. improper requests for relief

As stated above, in his request for relief, Plaintiff asks for "ten thousand dollars for property lost, filing fee, mental anguish, pain and suffering, loss [sic] time and wages." See Dkt. # 1. Plaintiff's request to be compensated for his lost property is discussed and rejected above. In addition, under the Prison Litigation Reform Act (PLRA), Plaintiff is not entitled to recover damages for "mental anguish, pain and suffering" based on the facts alleged in his complaint. The PLRA specifically precludes recovery for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

Plaintiff makes no allegation that he suffered physical injury as required to satisfy the predicate for monetary damages under 42 U.S.C. § 1997e(e).  Therefore, Plaintiff is not entitled to money damages for physical injury as he has failed to allege such an injury, and as a result of failing to so allege, pursuant to § 1997e(e), he is also not entitled to money damages for any "mental anguish, pain and suffering" resulting from the conduct alleged in the complaint.  The Court further finds that Plaintiff has failed to allege facts suggesting that he would be entitled to recover damages for lost time and wages.  Because Plaintiff is not entitled to the relief sought in this federal civil rights action, his complaint is subject to being dismissed for failure to state a claim.

**D.  Opportunity to amend**

Plaintiff will be afforded the opportunity to file an amended complaint to cure the deficiencies identified herein. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. Plaintiff must also demonstrate why this action should not be dismissed based on expiration of the two year statute of limitations applicable to § 1983 claims. Plaintiff shall not request improper relief in his amended complaint and shall name proper defendants. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 5) is **granted**.
2. Within thirty (30) days of the entry of this Order, or by **December 7, 2012**, Plaintiff shall submit an initial partial payment of **$2.56**.

3. By the above-referenced deadline, Plaintiff shall file an amended complaint using the court-approved form and curing the deficiencies identified herein.

4. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

5. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 12-CV-591-GKF-FHM, for Plaintiff's use in complying with this Order.

**Failure to comply with this Order may result in the dismissal of this action without further notice.**

DATED THIS 7th day of November, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT